UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CASE NO.: 1:25-cv-06484

| | |
|---|---|
| ROLLER RABBIT LLC,<br><br>        Plaintiff,<br><br>v.<br><br>YIULANGDE CLOTHING STORE, ZELBUCK LLC, AMYAAS, ANGELBEE, HINFEL ONLINE, SHENHE ONLINE STORE, SHENZHENSHICHANGYONGSHENG MAOYIYOUXIANGONGSI, UPGARSU, AND XUANFEI,<br><br>        Defendants. | |

**[proposed] ORDER GRANTING *EX PARTE* APPLICATION FOR ENTRY OF TEMPORARY RESTRAINING ORDER**

      This matter is before the Court on Plaintiff's *Ex Parte* Application for Entry of Temporary Restraining Order, Preliminary Injunction, and Order Restraining Transfer of Assets (Doc. 12 ), pursuant to 15 U.S.C. § 1116, Fed. R. Civ. P. 65, 17 U.S.C. § 504, and The All Writs Act, 28 U.S.C. § 1651(a), by Plaintiff, ROLLER RABBIT LLC ("Roller Rabbit" or "Plaintiff").

      Plaintiff asks the Court to enter a Temporary Restraining Order and an order restraining the financial accounts used by Defendants. As discussed below, Plaintiff has satisfied the requirements for issuance of a Temporary Restraining Order.

**BACKGROUND**

      The following factual background is taken from Plaintiff's Complaint (Doc. 1), the Application, and supporting evidentiary submissions and exhibits.

Roller Rabbit is the owner of all rights in and to the design trademark consisting of a stylized drawing of a figure wearing a solid short sleeved jumper with both hands up and one leg up standing on one foot with its tail extended out on the figure's left side (hereinafter referred to as the "ROLLER RABBIT Mark"), depicted below. Bertouch Decl. ¶ 17.



The ROLLER RABBIT Mark, for coats, dresses, footwear, gowns, hats, jeans, pajamas, pants, shirts, shorts, skirts, sleepwear, swimwear, bibs not of paper, body suits, boxer shorts, coverups, kimonos, robes, sarongs, slips being underclothing, sweaters, baby bottoms, clothing belts, and clothing jackets in International Class 25, was registered under U.S. Registration No. 7,688,660 on February 11, 2025, on the Principal Register of the United States Patent and Trademark Office, as shown in Exhibit 1 to the Complaint. The ROLLER RABBIT Mark has a first use date and a use in commerce date of January 1, 2015.[1] Bertouch Decl. ¶ 18.

The ROLLER RABBIT Mark has been used in interstate commerce to identify and distinguish Roller Rabbit's high-quality goods for an extended period of time. The ROLLER RABBIT Mark is exclusive to Roller Rabbit and is displayed extensively on Roller Rabbit's products, marketing and promotional materials. Genuine goods bearing or using the ROLLER RABBIT Mark is widely legitimately advertised and promoted by Roller Rabbit and its authorized distributors via the Internet. Bertouch Decl. ¶¶ 22, 27, 41.

---

[1] On August 20, 2025, Roller Rabbit filed a Section 7 Request with the United States Patent and Trademark Office to correct the mistaken Use in Commerce Date from August 16, 2024 to January 1, 2015.

Plaintiff is also the owner by written assignment of all rights in and to the copyright for the two-dimensional artwork titled "Roberta Roller Rabbit" (hereinafter referred to as the "Monkey Print"). Bertouch Decl. ¶¶ 45, 47, 48. Roller Rabbit's copyrighted Monkey Print features a unique half brick repeat of Roller Rabbit's registered trademark  along with what looks like a half-eaten banana as a motif. One colorway of the Monkey Print artwork can be seen below.

The Monkey Print was registered with the United States Copyright Office on March 1, 2007, and was assigned Copyright Registration No. VAu 735-697. A true and accurate copy of the registration is attached as Exhibit 2 to the Complaint. Bertouch Decl. ¶ 46.

Plaintiff alleges that Defendants, through individual seller stores operating via Amazon.com under their respective seller identification names (the "Seller IDs"), have advertised, promoted, offered for sale, or sold goods bearing or using what Plaintiff has

determined to be counterfeits, infringements, reproductions and/or colorable imitations of Plaintiff's trademark and copyright. Bertouch Decl. ¶¶ 57-59.

Roller Rabbit has never granted authorization to Defendants to import, make, use or sell unauthorized goods using the ROLLER RABBIT Mark or the Monkey Print. Bertouch Decl. ¶¶ 24, 51, 61).

Roller Rabbit investigated the promotion and sale of infringing products by Defendants to obtain payment account information for funds paid to Defendants for the sale of Counterfeit Products. Bertouch Decl. ¶ 53; Rothman Decl. ¶ 9. These investigations established that Defendants are using Amazon.com to sell Counterfeit Products from foreign countries, like China, to consumers in the United States. Bertouch Decl. ¶ 54; Rothman Decl. ¶ 15.

Roller Rabbit, or someone under its supervision, accessed Defendants' Internet based e-commerce stores operating under their respective seller identification names through Amazon.com (the "Seller IDs"). Bertouch Decl. ¶ 55. Roller Rabbit, or someone under its supervision, was able to view infringing products bearing or using unauthorized copies of ROLLER RABBIT Mark and/or Monkey Print, add products to the online shopping cart, proceed to a point of checkout, and otherwise actively exchange data with the e-commerce store. Bertouch Decl. ¶ 57.

Roller Rabbit, or someone under its supervision, captured detailed web pages for each Defendant reflecting each infringing product bearing or using unauthorized copies of the ROLLER RABBIT Mark and the Monkey Print. Bertouch Decl. ¶ 58; Composite Ex. 1. These web pages show Defendants slavishly copied the ROLLER RABBIT Mark and the Monkey Print, and offered goods for sale indistinguishable to consumers, both at the point of sale and post-sale. Bertouch Decl. ¶¶ 61, 58; Comp. Ex. 1.

4

Plaintiff or someone under its supervision personally analyzed each of the captured web pages and determined that Counterfeit Products were being offered for sale to residents of the United States. Bertouch Decl. ¶ 64. Roller Rabbit, or someone under its supervision, reviewed and visually inspected the detailed web page captures and photographs determined the products were not genuine versions of Roller Rabbit's goods. *Id*.

On August 6, 2025, Plaintiff filed its Complaint (Doc. 1) against Defendants for federal trademark counterfeiting and infringement, false designation of origin, common law unfair competition, common law trademark infringement, copyright infringement, and deceptive or unfair trade practices in violation of New York Law.

On [September 4, 2025], Plaintiff filed its *Ex Parte* Application for Entry of a Temporary Restraining Order, Preliminary Injunction, and Order Restraining Transfer of Assets. (Doc. 12).

## LEGAL STANDARD

To obtain a Temporary Restraining Order, a party must demonstrate (1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest. *Benihana, Inc. v. Benihana of Tokyo, LLC*, 784 F.3d 887, 895 (2d Cir. 2015).

Additionally, Fed. R. Civ. P. Rule 65 provides that:

The court may issue a temporary restraining order without written or oral notice to the adverse party of its attorney on if:

(A)   specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

(B)   the movant's attorney certifies in writing any efforts made to give notice

5

and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).

*Ex parte* temporary restraining orders "should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bd. of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 439 (1974).

## DISCUSSION

Based on Declarations submitted in support of Plaintiff's Motion, the Court concludes that Plaintiff has a strong probability of proving at trial that consumers are likely to be confused by Defendants' advertisement, promotion, sale, offer for sale, or distribution of goods bearing or using counterfeits, reproductions, or colorable imitations of the Roller Rabbit Mark and Monkey Print, that the products Defendants are selling and promoting for sale are copies of Plaintiff's products that bear copies of the Roller Rabbit Mark and Monkey Print, and that the infringement of the Roller Rabbit Mark and Monkey Print will likely cause Plaintiff to suffer immediate and irreparable injury if a Preliminary Injunction is not granted.

The following specific facts, as set forth in Plaintiff's Complaint, the Motion, and accompanying declarations, demonstrate that immediate and irreparable loss, damage, and injury will result to Plaintiff and to consumers before Defendants can be heard in opposition unless Plaintiff's request for *ex parte* relief is granted: a) Defendants own or control individual seller stores via Amazon.com operating under their Seller IDs which advertise, promote, offer for sale, and sell products bearing or using counterfeits and infringements of Plaintiff's trademark and copyright in violation of Plaintiff's rights; b) there is good cause to believe that more counterfeit and infringing products bearing or using Plaintiff's trademark and copyright will appear in the

6

marketplace, that consumers are likely to be misled, confused, or disappointed by the quality of these products, and that Plaintiff may suffer loss of sales for its genuine products; and c) there is good cause to believe that if Plaintiff proceeds to put Defendants on notice of this Application, Defendants can easily and quickly transfer or modify e-commerce store registration data and content, change payment accounts, redirect consumer traffic to other seller identification names, and transfer assets and ownership of the Seller IDs, thereby thwarting Plaintiff's ability to obtain meaningful relief.

The potential harm to Defendants in restraining their trade in counterfeit and infringing branded goods if a Temporary Restraining Order is issued is far outweighed by the potential harm to Plaintiff, its reputation, and its goodwill as a manufacturer and distributor of quality products, if such relief is not issued. The public interest favors issuance of the Temporary Restraining Order to protect Plaintiff's trademark and copyright interests and protect the public from being defrauded by the palming off of counterfeit goods as Plaintiff's genuine goods. Further, under 15 U.S.C. § 1117(a), Plaintiff may be entitled to recover, as an equitable remedy, the illegal profits gained through Defendants' distribution and sales of goods bearing counterfeits and infringements of Plaintiff's trademarks. See *Klipsch Grp., Inc. v. Big Box Store Ltd.*, 2012 WL 4901407, *2 (S.D.N.Y. Oct. 11, 2012). Similarly, the Copyright Act allows Roller Rabbit to recover, as an equitable remedy, the actual damages suffered as result of the infringement and any additional profits of the Defendants that are attributable to the infringement and are not taken into account in computing the actual damages (17 U.S.C. § 504(b)) or statutory damages (17 U.S.C § 504(c)).

In light of the inherently deceptive nature of the counterfeiting business, and the likelihood that Defendants have violated federal trademark laws, Plaintiff has good reason to

believe Defendants will hide or transfer their ill-gotten assets beyond the jurisdiction of this Court unless those assets are restrained.

Accordingly, the Court, having considered the Motion, and having found good cause, it is **ORDERED** that the Motion is **GRANTED**, and a Temporary Restraining Order is entered as follows:

## TEMPORARY RESTRAINING ORDER

1. Each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of this Order are hereby restrained and enjoined until further Order of this Court:

   a. From manufacturing, importing, advertising, promoting, offering to sell, selling, distributing, or transferring any products bearing or using the Roller Rabbit Mark and Monkey Print, or any confusingly similar trademarks or copyrights, other than those actually manufactured or distributed by Plaintiff; and

   b. From secreting, concealing, destroying, selling off, transferring, or otherwise disposing of: (i) any products, not manufactured or distributed by Plaintiff, bearing and/or using the Roller Rabbit Mark and Monkey Print, or any confusingly similar trademarks or copyrights; or (ii) any evidence relating to the manufacture, importation, sale, offer for sale, distribution, or transfer of any products bearing and/or using the Roller Rabbit Mark and Monkey Print, or any confusingly similar trademarks or copyrights; or (iii) any assets or other financial accounts subject to this Order, including inventory assets, in the actual or constructive possession of, or owned, controlled, or held by, or subject to access by, any Defendant, including, but not limited to, any assets held by or on behalf of any Defendant;

2. Each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of this Order shall immediately discontinue, until further Order of this Court, the use of the Roller Rabbit Mark and Monkey Print on or in connection with all individual seller stores owned and operated, or controlled by them at Amazon.com under the Seller IDs. This order is limited to the Defendants' listings using the Roller Rabbit Mark and Monkey Print, on or in connection with all individual seller stores owned and operated, or controlled by them at Amazon.com under the Seller IDs, and does not apply to the Defendants' entire e-commerce stores.

3. Each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of this Order shall immediately discontinue, until further Order of this Court, the use of Roller Rabbit Mark and Monkey Print, or any confusingly similar trademarks or copyrights, within domain name extensions, metatags or other markers within website source code, from use on any webpage at Amazon.com (including as the title of any web page), from any advertising links to other websites, from search engines' databases or cache memory, and any other form of use of such terms that are visible to a computer user or serves to direct computer searches to individual seller stores registered, owned, or operated by any Defendant at Amazon.com under the Seller IDs.

4. Each Defendant shall not transfer ownership of the Seller IDs during the pendency of this action, or until further order of the Court.

5. Each Defendant shall continue to preserve copies of all computer files relating to the use of any of the Seller IDs and shall take all steps necessary to retrieve computer files relating to the use of the Seller IDs that may have been deleted before the entry of this Order.

6. Upon receipt of notice of this Order, Defendants and all financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, including but not limited to, Amazon Payments, Inc. ("Amazon"), PayPal Holdings, Inc. ("PayPal"), Payoneer, Inc. ("Payoneer"), Stripe, Inc. and/or Stripe Payments Company ("Stripe") and their related companies and affiliates shall, to the extent not already done, (i) immediately identify all financial accounts and/or sub-accounts, associated with the individual seller stores at Amazon.com operating under the Seller IDs, store numbers, infringing product numbers, and/or the e-mail addresses identified by Amazon.com or by the Defendants' own e-commerce stores, as well as any other accounts of the same customer(s); (ii) identify all other accounts which transfer funds into the same financial institution account(s) or any of the other financial accounts subject to this Order; (iii) restrain the transfer of all funds, as opposed to ongoing account activity, held or received for their benefit or to be transferred into their respective financial accounts, and any other financial accounts tied thereto; and (iv) immediately divert those restrained funds to a holding account for the trust of the Court.

7. Upon receipt of notice of this Order, Defendants and all financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms receiving notice of this Order, including but not limited to, Amazon, , PayPal, Payoneer, Stripe, and their related companies and affiliates, shall further, to the extent not already done, provide Plaintiff's counsel with all data that details: (i) an accounting of the total funds restrained and identify the financial account(s) and sub-account(s) which the restrained funds are related to; (ii) the account transactions related to all funds transmitted into the financial account(s) and sub-account(s) which have been restrained; (iii) the historical sales for the Defendants' listings that

are alleged to infringe Plaintiff's trademarks and copyrights; and (iv) the true identities along with complete contact information including email addresses of all Defendants.

8. No funds restrained by this Order shall be transferred or surrendered by any Defendant, financial institution, payment processor, bank, escrow service, money transmitter, or marketplace website, including but not limited to, Amazon, PayPal, Payoneer, Stripe, and their related companies and affiliates for any purpose (other than pursuant to a chargeback made pursuant to their security interest in the funds) without the express authorization of this Court.

9. No Defendant whose funds are restrained by this Order may transfer said funds in possession of any financial institution, payment processor, bank, escrow service, money transmitter, or marketplace website, including but not limited to, Amazon, PayPal, Payoneer, Stripe, and their related companies and affiliates restrained by this Order to any other financial institution, payment processor, bank, escrow service, money transmitter or marketplace website without the express authorization of this Court.

10. Any Defendant or financial institution account holder subject to this Order may petition the Court to modify the asset restraint set out in this Order.

11. This Order shall apply to the Seller IDs, associated individual seller stores at Amazon.com websites, and any other seller identification names, e-commerce stores, websites, or financial accounts which are being used by Defendants for the purpose of counterfeiting and infringing the Roller Rabbit Mark and Monkey Print.

12. This Order shall remain in effect ~~until the date for the hearing on the Motion for Preliminary Injunction set forth below, or until such further dates as set by the Court or stipulated by the parties.~~ for 35 calendar days. The Court finds, pursuant to Rule 65(b)(2) of the Federal Rules of Civil Procedure, that good cause exists to extend this temporary restraining order because, in the Court's experience, service in this type of case is complex and unlikely to be effectuated within fourteen days.

11

**BOND TO BE POSTED**

13. Pursuant to 15 U.S.C. § 1116(d)(5)(D) and Federal Rule of Civil Procedure 65(c), Plaintiff shall post a bond in the amount of ~~Five Thousand Dollars and Zero Cents ($5,000.00),~~ $25,000* as payment of damages to which Defendants may be entitled for a wrongful injunction or restraint, during the pendency of this action, or until further Order of the Court, and in the Court's discretion, the bond may be subject to increase should an application be made in the interest of justice.

*Given the number of Defendants, the Court finds that a lower bond, as requested by Plaintiff, would be insufficient to protect against the risk of improper injunction.

**PRELIMINARY INJUNCTION**

14. A (~~telephonic/remote video/~~in person) hearing is set before this Court in the Courtroom 24B, 500 Pearl St., New York, NY 10007, on October 9, 2025 at 11:45 a.m. United States Courthouse located at ~~[INSERT ADDRESS] on [INSERT DATE AND TIME],~~ at which time Defendants and/or any other affected persons may challenge the appropriateness of this Order and move to dissolve the same and at which time the Court will hear argument on Plaintiff's requested Preliminary Injunction.

15. ~~[IF BY TELEPHONE] [In light of the ongoing COVID-19 pandemic, for this hearing, the parties shall appear by telephone. Counsel and/or parties shall call the toll-free number [INSERT NUMBER AND ACCESS CODE] from a landline phone five (5) minutes prior to the start of the hearing and enter the access code provided followed by the pound (#) sign; to bypass the security code, press the star key (*); and state your name, the name of the party you represent, and enter the conference.~~

Pursuant to Rule 4(f) of the Federal Rules of Civil Procedure and Articles 1 and 15 of the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the "Hague Convention"):

16. After Plaintiff's counsel has received confirmation from the financial institutions regarding the funds restrained as directed herein, but in no event later than September 17, 2025, Plaintiff shall serve copies of the Complaint, Application, and this Order, on each Defendant by e-mail and/or online contact form or other means of electronic contact provided on the individual seller stores at Amazon.com operating

12

under the Seller IDs, or by providing a copy of this Order by e-mail to Amazon for each of the Seller IDs so that the marketplace platform, in turn, notifies each Defendant of the Order, or by other means reasonably calculated to give notice which is permitted by the Court. For avoidance of doubt, this does not apply to service of the summons and Complaint.

17. Plaintiff shall post copies of the Complaint, the Application, this Order, as well as all other documents filed in this action on the website located at www.sriplaw.com/notice and shall provide the address to the website to the Defendants via e-mail/online contact form, and such notice so given shall be deemed good and sufficient service thereof.

18. Plaintiff shall continue to provide notice of these proceedings and copies of the documents on file in this matter to Defendants by regularly updating the website located at www.sriplaw.com/notice, or by other means reasonably calculated to give notice which is permitted by the Court.

19. Additionally, for the purpose of providing additional notice of this proceeding, and all other pleadings, orders, and documents filed herein, the owners, operators and/or administrators of Amazon.com and/or financial institutions, payment processors, banks, escrow services, money transmitters, and marketplace platforms, including but not limited to Amazon.com, Inc., PayPal Holdings, Inc. ("PayPal"), Payoneer, Inc. ("Payoneer"), Stripe, Inc. and/or Stripe Payments Company ("Stripe"), and their related companies and affiliates shall, at Plaintiff's request, provide Plaintiff's counsel with any e-mail address known to be associated with Defendants' respective Seller IDs.

20. Defendants shall have five (5) business days to comply with this Temporary Restraining Order following notice.

21. Any response or opposition to Plaintiff's Motion for Preliminary Injunction must be filed and served on Plaintiff's counsel by September 29, 2025 [DATE FOR OPPOSITION].

22. Plaintiff shall file any reply to memorandum on or before [DATE FOR REPLY]. October 3, 2025. By the same date, Plaintiff shall file (and submit by email in Word format) a proposed preliminary injunction order.

23. The above dates may be revised upon stipulation by all parties and approval of this Court.

24. Defendants are hereby on notice that failure to appear at the hearing may result in the imposition of a Preliminary Injunction against them pursuant to 15 U.S.C. § 1116(d), 17 U.S.C. § 502, Federal Rule of Civil Procedure 65, The All Writs Act, 28 U.S.C. § 1651(a), and this Court's inherent authority.

**DONE AND ORDERED** in __New York__, New York, this _8_th day of __Sept.__, 2025. at 9:00 a.m.

_____
UNITED STATES DISTRICT JUDGE


The Court GRANTS Plaintiff's Application for Leave to File Excess Pages, ECF No. 11.  The Clerk of Court is directed to terminate ECF Nos. 11 and 12.

14