UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CASE NO.: 1:25-cv-06484

| | |
|---|---|
| ROLLER RABBIT LLC, <br><br>     Plaintiff, <br><br> v. <br><br> YIULANGDE CLOTHING STORE, ZELBUCK LLC, AMYAAS, ANGELBEE, HINFEL ONLINE, SHENHE ONLINE STORE, SHENZHENSHICHANGYONGSHENG MAOYIYOUXIANGONGSI, UPGARSU, AND XUANFEI, <br><br>     Defendants. | |

**[proposed] PRELIMINARY INJUNCTION ORDER**

    Plaintiff ROLLER RABBIT LLC ("Roller Rabbit") filed a Motion for Entry of a Preliminary Injunction against the against the fully interactive, e-commerce stores operated by Defendants YIULANGDE CLOTHING STORE, ZELBUCK LLC, AMYAAS, ANGELBEE, HINFEL ONLINE, SHENHE ONLINE STORE, SHENZHENSHICHANGYONGSHENG MAOYIYOUXIANGONGSI, UPGARSU, ~~and XUANFEI,~~ ("Defendants"). After reviewing the Motion and the accompanying record, this Court **GRANTS** Roller Rabbit's Motion as follows.

    This Court finds Roller Rabbit has provided notice to Defendants in accordance with the Temporary Restraining Order entered September 8, 2025 (ECF No. 16) ("TRO"), and Federal Rule of Civil Procedure 65(a)(1).

    This Court also finds that it has personal jurisdiction over Defendants because Defendants directly target their business activities toward consumers in the United States, including New York.

Specifically, Roller Rabbit has provided a basis to conclude that Defendants have targeted sales to New York residents by setting up and operating e-commerce stores that target United States consumers using one or more seller aliases and offer shipping to the United States including New York, and have sold products bearing or using infringing and versions of Roller Rabbit's federally registered trademark (Registration number 7,688,660) ("ROLLER RABBIT Mark") and federally registered copyright, which is protected by U.S. Copyright Registration No. VAu735-697 ("Monkey Print").

In this case, Roller Rabbit has presented screenshot evidence that each Defendant e-commerce store is reaching out to do business with U.S. consumers including New York residents by operating one or more commercial, interactive e-commerce stores through which New York residents can and do purchase products using infringing versions of Roller Rabbit's ROLLER RABBIT Mark and Monkey Print. *See* ECF Nos. 15-1 to 15-20, which includes screenshot evidence confirming that each Defendant's e-commerce store does stand ready, willing and able to ship its infringing goods to customers in the United States, including New York, bearing or using infringing versions of Roller Rabbit's ROLLER RABBIT Mark and Monkey Print.

This Court also finds that the injunctive relief previously granted in the TRO should remain in place through the pendency of this litigation and that issuing this Preliminary Injunction is warranted under Federal Rule of Civil Procedure 65. Evidence submitted in support of this Motion and in support of Roller Rabbit's previously granted Motion for Entry of a TRO establishes that Roller Rabbit has demonstrated a likelihood of success on the merits; that no remedy at law exists; and that Roller Rabbit will suffer irreparable harm if the injunction is not granted.

Specifically, Roller Rabbit has proved a *prima facie* case of trademark infringement because Roller Rabbit demonstrated (1) ownership of the ROLLER RABBIT Mark; (2) Defendant's use of the ROLLER RABBIT Mark is without Roller Rabbit's authorization; and (3) Defendant's use is likely to cause confusion, mistake, or deception as to the source, affiliation, or sponsorship of Defendant's Counterfeit Goods.

Furthermore, Roller Rabbit has proved a *prima facie* case of copyright infringement because (1) the Monkey Print is registered with the U.S. Copyright Office, and (2) Defendants are not licensed or authorized to use the Monkey Print or any derivative. Defendants' use of the Work is causing a likelihood of confusion as to the origin or sponsorship of Defendants' Counterfeit Goods with Roller Rabbit. Moreover, Defendants' continued and unauthorized use of the Monkey Print irreparably harms Roller Rabbit through diminished goodwill and brand confidence, damage to Roller Rabbit's reputation, loss of exclusivity, and loss of future sales. Monetary damages fail to address such damage and, therefore, Roller Rabbit has an inadequate remedy at law. Finally, the public interest is served by entry of this Preliminary Injunction to dispel the public confusion created by Defendants' actions. Accordingly, this Court orders that:

1. Each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of this Order are hereby restrained and enjoined until further Order of this Court:
    a. From manufacturing, importing, advertising, promoting, offering to sell, selling, distributing, or transferring any products bearing or using the Roller Rabbit Mark and Monkey Print, or any confusingly similar trademarks or copyrights, other than those actually manufactured or distributed by Roller Rabbit; and

    b. From secreting, concealing, destroying, selling off, transferring, or otherwise disposing of: (i) any products, not manufactured or distributed by Roller Rabbit, bearing and/or using the Roller Rabbit Mark and Monkey Print, or any confusingly similar trademarks or copyrights; or (ii) any evidence relating to the manufacture, importation, sale, offer for sale, distribution, or transfer of any products bearing and/or using the Roller Rabbit Mark and Monkey Print, or any confusingly similar trademarks or copyrights; or (iii) any assets or other financial accounts subject to this Order, including inventory assets, in the actual or constructive possession of, or owned, controlled, or held by, or subject to access by, any Defendant, including, but not limited to, any assets held by or on behalf of any Defendant;

2. Each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of this Order shall immediately discontinue, until further Order of this Court, the use of the Roller Rabbit Mark and Monkey Print on or in connection with all individual seller stores owned and operated, or controlled by them at Amazon.com under the Seller IDs. This order is limited to the Defendants' listings using the Roller Rabbit Mark and Monkey Print, on or in connection with all individual seller stores owned and operated, or controlled by them at Amazon.com under the Seller IDs, and does not apply to the Defendants' entire e-commerce stores.

3. Each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of this Order shall immediately discontinue, until further Order of this Court, the use of Roller Rabbit Mark and Monkey Print, or any confusingly similar trademarks or copyrights,

|   |   |
|---|---|
|   | within domain name extensions, metatags or other markers within website source code, from use on any webpage at Amazon.com (including as the title of any web page), from any advertising links to other websites, from search engines' databases or cache memory, and any other form of use of such terms that are visible to a computer user or serves to direct computer searches to individual seller stores registered, owned, or operated by any Defendant at Amazon.com under the Seller IDs. |
| 4. | Each Defendant shall not transfer ownership of the Seller IDs during the pendency of this action, or until further order of the Court. |
| 5. | Each Defendant shall continue to preserve copies of all computer files relating to the use of any of the Seller IDs and shall take all steps necessary to retrieve computer files relating to the use of the Seller Ids that may have been deleted before the entry of this Order. |
| 6. | Upon receipt of this Order, Defendants and all financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, including but not limited to, Amazon Payments, Inc. ("Amazon"), PayPal Holdings, Inc. ("PayPal"), Payoneer, Inc. ("Payoneer"), Stripe, Inc. and/or Stripe Payments Company ("Stripe") and their related companies and affiliates shall, to the extent not already done, (i) immediately identify all financial accounts and/or sub-accounts, associated with the individual seller stores at Amazon.com operating under the Seller IDs, store numbers, infringing product numbers, and/or the e-mail addresses identified by Amazon.com or by the Defendants' own e-commerce stores, as well as any other accounts of the same customer(s); (ii) identify all other accounts which transfer funds into the same financial institution account(s) or any of the other financial accounts subject to this Order; (iii) restrain the transfer of all funds, as opposed to ongoing account activity, held or received for their |

benefit or to be transferred into their respective financial accounts, and any other financial accounts tied thereto; and (iv) immediately divert those restrained funds to a holding account for the trust of the Court. *Per the terms in the joint stipulation at ECF No. 52, the asset restraint as to Defendant Shenhe Online Store shall not exceed thirty-five thousand dollars.*

7. Upon receipt of notice of this Order, Defendants and all financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms receiving notice of this Order, including but not limited to, Amazon, , PayPal, Payoneer, Stripe, and their related companies and affiliates, shall further, to the extent not already done, provide Roller Rabbit's counsel with all data that details: (i) an accounting of the total funds restrained and identify the financial account(s) and sub-account(s) which the restrained funds are related to; (ii) the account transactions related to all funds transmitted into the financial account(s) and sub-account(s) which have been restrained; (iii) the historical sales for the Defendants' listings that are alleged to infringe Roller Rabbit's trademarks and copyrights; and (iv) the true identities along with complete contact information including email addresses of all Defendants.

8. No funds restrained by this Order shall be transferred or surrendered by any Defendant, financial institution, payment processor, bank, escrow service, money transmitter, or marketplace website, including but not limited to, Amazon, PayPal, Payoneer, Stripe, and their related companies and affiliates for any purpose (other than pursuant to a chargeback made pursuant to their security interest in the funds) without the express authorization of this Court.

9. No Defendant whose funds are restrained by this Order may transfer said funds in possession of any financial institution, payment processor, bank, escrow service, money transmitter, or marketplace website, including but not limited to, Amazon, PayPal,

        Payoneer, Stripe, and their related companies and affiliates restrained by this Order to any other financial institution, payment processor, bank, escrow service, money transmitter or marketplace website without the express authorization of this Court.

10. Any Defendant or financial institution account holder subject to this Order may petition the Court to modify the asset restraint set out in this Order.

11. This Order shall remain in effect during the pendency of this action or until further Court order.

12. Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order as permitted by and in compliance with the Federal Rules of Civil Procedure and the Southern District of New York Local Rules. Any third party impacted by this Order may move for appropriate relief.

13. Roller Rabbit shall provide notice of this Order to Defendant by serving a copy of this Order on Defendant by e-mail and/or online contact form or other means of electronic contact provided on the e-commerce stores operating under the Seller IDs, or by providing a copy of this Order by e-mail to the marketplace platform for each Seller ID so that the marketplace platform, in turn, notifies Defendant of the Order, or by other means reasonably calculated to give notice which is permitted by the Court.

14. Roller Rabbit shall post copies of this Order, as well as all other documents filed in this action on the website located at the URL www.sriplaw.com/notice and shall provide the address to the website to the Defendant via e-mail/online contact form, and such notice so given shall be deemed good and sufficient service thereof.

15. Roller Rabbit shall continue to provide notice of these proceedings and copies of the documents on file in this matter to Defendant by regularly updating the website located

at the URL www.sriplaw.com/notice, or by other means reasonably calculated to give notice which is permitted by the Court.

16. The twenty-five thousand dollars ($25,000) bond posted by Roller Rabbit shall remain with the Court until a final disposition of this case or until this Preliminary Injunction is terminated.

17. The Clerk of Court is directed to terminate ECF No. 41.

**DONE and ORDERED** in New York, New York, this __28__ day of __October__, 2025.

_____
HONORABLE JESSE M. FURMAN
UNITED STATES DISTRICT JUDGE

Unless and until the Court orders otherwise, Plaintiff shall provide the Court with an update regarding service on Defendants **no later than January 2, 2026,** and by the first weekday of every other month thereafter. For each Defendant, the letter shall indicate (1) the method of service; (2) whether service has been effectuated; (3) when service occurred or is anticipated; and (4) any existing answer deadline. For any foreign Defendant subject to service under the Hague Convention, the letter shall further indicate (1) whether the Defendant's physical address has been obtained; and (2) any service results. Plaintiff should present the foregoing information in chart or table format.