**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
**MANHATTAN DIVISION**

ROLLER RABBIT LLC.,

                    Plaintiff,

v.

YIULANGDE CLOTHING STORE, *et al.*,

                    Defendants.

Case No.: 1:25-cv-06484-JMF

**DEFAULT JUDGMENT ORDER**

This action having been commenced by Plaintiff ROLLER RABBIT LLC ("Roller Rabbit") against Defendants AMYAAS and UPGARSU (collectively, "Defaulting Defendants"), and Roller Rabbit having moved for entry of Default and Default Judgment against Defaulting Defendants which have not yet been dismissed from this case;

This Court having entered a preliminary injunction; Defaulting Defendants having waived service, the combination of providing notice via electronic publication and e-mail, along with any notice that Defaulting Defendants received from domain name registrars and payment processors, being notice reasonably calculated under all circumstances to apprise Defaulting Defendants of the pendency of the action and affording them the opportunity to answer and present their objections; and

Neither of the Defaulting Defendants having answered or appeared in any way, and the time for answering having expired, so that the allegations of the Complaint are uncontroverted and are deemed admitted;

This Court finds that it has personal jurisdiction over Defaulting Defendants because Defaulting Defendants directly target their business activities toward consumers in the United States, including New York. Specifically, Roller Rabbit has provided a basis to conclude that

Defaulting Defendants have targeted sales to New York residents by setting up and operating e-commerce stores that target United States consumers using one or more seller aliases, offer shipping to the United States, including New York, and have sold counterfeit, copy, or colorable imitation of Plaintiff's trademark and copyright (the "Roller Rabbit Mark and Copyright") to residents of New York. In this case, Roller Rabbit has presented screenshot evidence that each Defendant's e-commerce store is reaching out to do business with New York residents by operating one or more commercial, interactive internet stores through which New York residents can and do purchase products bearing or using the Roller Rabbit Mark and Copyright. *See* Bertouch Declaration, Composite Exhibit 1, ECF Nos. 15-1 to 15-21, which includes screenshot evidence confirming that each Defendant e-commerce store does stand ready, willing and able to ship its counterfeit and infringing goods to customers in New York bearing or using the Roller Rabbit Mark and Copyright. True and correct copies of the Roller Rabbit Mark and Copyright being infringed by Defendants and the assigned registrations are shown in Exhibits 1 and 2 to the Complaint.

Plaintiff has stated in its Motion that there are no allegations of joint and several liability with respect to damages. The Defendants remaining in the case have not answered or otherwise responded to the Complaint and have defaulted. Therefore, there is no possibility of inconsistent liability between the Defaulting Defendants, and an adjudication may be entered. The Court thus finds there is a sufficient basis in the pleading for the default judgment to be entered with respect to the Defaulting Defendants.

This Court further finds that Defaulting Defendants are liable for federal trademark counterfeiting and infringement, common law trademark infringement, copyright infringement, false designation of origin, and common law unfair competition pursuant to 15 U.S.C. §§ 1114,

1116, and 1125(a) and (c), 17 U.S.C. § 101 et seq., The All Writs Act, 28 U.S.C. § 1651(a), and the New York General Business Law.

Section 32 of the Lanham Act provides liability for trademark infringement if, without the consent of the registrant, a defendant uses "in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark … which … is likely to cause confusion, or to cause mistake, or to deceive." 15 U.S.C. § 1114. In order to prevail on its trademark infringement claim under Section 32 of the Lanham Act, Plaintiff must demonstrate that (1) it had prior rights to the mark at issue; and (2) Defendants adopted a mark or name that was the same, or confusingly similar to Plaintiff's trademark, such that consumers were likely to confuse the two. *Century 21 Real Estate, LLC v. Raritan Bay Realty, Ltd.,* No. 07-CV-1455, 2008 U.S. Dist. LEXIS 109507, 2008 WL 4190955, at *4 (E.D.N.Y. Sept. 3, 2008).

To prevail on a claim for false designation of origin under Section 43(a) of the Lanham Act, Plaintiff must prove that Defendants used in commerce, in connection with any goods or services, any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin that is likely to deceive as to the affiliation, connection, or association of Defendants with Plaintiff, or as to the origin, sponsorship, or approval, of Defendants' services by Plaintiff. See 15 U.S.C. § 1125(a)(1). The test for liability for false designation of origin under 15 U.S.C. § 1125(a) is the same as for a trademark counterfeiting and infringement claim – i.e., whether the public is likely to be deceived or confused by the similarity of the marks at issue. *See Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763, 780 (1992).

To prevail on a claim of copyright infringement pursuant to the Copyright Act, 17 U.S.C. §§ 106(1), (2) and (5), Plaintiff must show (1) Plaintiff's ownership of a valid copyright, and (2)

actionable copying by defendant. *See Feist Publications, Inc. v. Rural Tel. Serv. Co*., 499 U.S. 340 (1991).

The well-pled factual allegations of Plaintiff's Complaint properly allege the elements for each of the claims described above. Moreover, the factual allegations in Plaintiff's Complaint have been substantiated by sworn declarations and other evidence and establish Defendants' liability under each of the claims asserted in the Complaint. Accordingly, entry of default judgment pursuant to Federal Rule of Civil Procedure 55 is appropriate.

Pursuant to the Lanham Act, a district court is authorized to issue an injunction "according to the principles of equity and upon such terms as the court may deem reasonable," to prevent violations of trademark law. *See* 15 U.S.C. § 1116(a). "Injunctive relief is the remedy of choice for trademark and unfair competition cases, since there is no adequate remedy at law for the injury caused by a defendant's continuing infringement." *Burger King Corp. v. Agad*, 911 F. Supp. 1499, 1509-10 (S.D. Fla. 1995) (*citing Century 21 Real Estate Corp. v. Sandlin*, 846 F.2d 1175, 1180 (9th Cir. 1988)). Moreover, even in a default judgment setting, injunctive relief is available. *See e.g., PetMed Express, Inc*., 336 F. Supp. 2d at 1222-23.

In a case involving the use of counterfeit mark in connection with a sale, offering for sale, or distribution of products, 15 U.S.C. § 1117(c) provides that a plaintiff may elect an award of statutory damages at any time before final judgment is rendered in the sum of not less than one thousand dollars ($1,000.00) nor more than two hundred thousand dollars ($200,000.00) per counterfeit mark per type of good or service. 15 U.S.C. § 1117(c)(1). In addition, if the Court finds that Defendants' counterfeiting actions were willful, it may impose damages above the maximum limit up to two million dollars ($2,000,000.00) per mark per type of good or service. 15 U.S.C. § 1117(c)(2).

Pursuant to 15 U.S.C. § 1117 and 17 U.S.C. § 504(c), Roller Rabbit is awarded statutory damages from each of the Defaulting Defendants in the amount of **$75,000** total. The Court gave Plaintiff an opportunity to file a letter explaining why it should be awarded more than that amount no later than March 9, 2026, but no letter has been filed to date.  Accordingly, Plaintiff has forfeited any request for higher damages.

The evidence in this case demonstrates that Defendants sold, promoted, distributed, advertised, and/or offered for sale products bearing marks which were in fact counterfeits of the Roller Rabbit Mark. ~~Based on the above considerations, the Court awards statutory damages of one hundred and fifty thousand dollars ($150,000.00) against each Defaulting Defendant for the Roller Rabbit Mark infringed.~~ The award should be sufficient to deter Defendants and others from continuing to counterfeit or otherwise infringe Plaintiff's trademarks, compensate Plaintiff, and punish Defendants, all stated goals of 15 U.S.C. § 1117(c). The Court finds that this award of statutory damages falls within the permissible statutory range under 15 U.S.C. § 1117(c) and is just.

Pursuant to the statutory damages provision of the Copyright Act, 17 U.S.C. § 504(c), a plaintiff may elect to receive, per work, "not less than $750 or more than $30,000 as the court considers just."  17 U.S.C. § 504(c)(1).  When the infringement is found to be willful, the Copyright Act provides for statutory damages of up to "not more than $150,000."  17 U.S.C. § 504(c)(2). ~~Based on the same considerations above, the Court awards statutory damages of one hundred and fifty thousand dollars ($150,000.00) against each Defaulting Defendant for infringement of the Copyright.~~ This award is within the statutory range for a willful violation, and is sufficient to compensate Plaintiff, punish the Defendants, and deter Defendants and others from continuing to infringe Plaintiff's copyright.

Accordingly, this Court orders that ROLLER RABBIT LLC's Motion for Entry of Final Judgment by Default is **GRANTED** as follows, that Defaulting Defendants are deemed in default, and that this Default Judgment is entered against Defaulting Defendants.

This Court further orders that:

1. Defaulting Defendants, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be permanently enjoined and restrained from:

a. using the Roller Rabbit Mark and Copyright, or any products bearing or using counterfeit copies in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Roller Rabbit product or not authorized by Roller Rabbit to be sold in connection with the Roller Rabbit Mark and Copyright;

b. passing off, inducing, or enabling others to sell or pass off any product as a genuine Roller Rabbit product or any other product produced by Roller Rabbit, that is not Roller Rabbit's or not produced under the authorization, control, or supervision of Roller Rabbit and approved by Roller Rabbit for sale;

c. committing any acts calculated to cause consumers to believe that Defaulting Defendants' products are those sold under the authorization, control, or supervision of Roller Rabbit, or are sponsored by, approved by, or otherwise connected with Roller Rabbit; and

d. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Roller Rabbit, nor authorized by Roller Rabbit to be sold or offered for sale, and which bear or us the Roller Rabbit Mark and

6

copyright, including any reproductions, infringing copies or colorable imitations.

2.      Defaulting Defendants and any third party with actual notice of this Order who is providing services for any of the Defaulting Defendants, or in connection with any of the Defaulting Defendants' Online Marketplaces, including, without limitation, any online marketplace platforms such as Amazon.com (the "Third Party Provider"), shall within seven (7) calendar days of receipt of this Order cease:

   a.   using, linking to, transferring, selling, exercising control over, or otherwise owning the Online Marketplace Accounts, or any other online marketplace account that is being used to sell or is the means by which Defaulting Defendants could continue to sell counterfeit goods using the Roller Rabbit Mark and Copyright; and

   b.   operating and/or hosting websites that are involved with the distribution, marketing, advertising, offering for sale, or sale of any product bearing or using the Roller Rabbit Mark or any reproductions, infringing copies or colorable imitations thereof that is not a genuine Roller Rabbit product or not authorized by Roller Rabbit to be sold in connection with the Roller Rabbit Mark and Copyright.

3.      Upon Roller Rabbit's request, those with notice of this Order, including the Third Party Provider as defined in Paragraph 3, shall within seven (7) calendar days after receipt of such notice, disable and cease displaying any advertisements used by or associated with Defaulting Defendants in connection with the sale of infringing goods using or bearing the Roller Rabbit Mark and Copyright.

7

Pursuant to 15 U.S.C. § 1117 and 17 U.S.C. § 504(c), Roller Rabbit is awarded statutory damages from each of the Defaulting Defendants in the amount of $75,000 total.

4.      ~~Pursuant to 15 U.S.C. § 1117, Roller Rabbit is awarded statutory damages from each of the Defaulting Defendants in the amount of one hundred and fifty thousand dollars ($150,000.00) per each counterfeit trademark used and product sold, as provided by 15 U.S.C. § 1117(c)(2) of the Lanham Act.~~

5.      ~~Pursuant to 17 U.S.C. § 504(c), Roller Rabbit is awarded statutory damages from each of the Defaulting Defendants in the amount of one hundred and fifty thousand dollars ($150,000.00) for willful use of infringing Roller Rabbit's Copyrighted Work on products sold through at least the Defendant Internet Stores. This award shall apply to each distinct Defaulting Defendant only once.~~

6.      Any Third Party Providers holding funds for Defaulting Defendants, including PayPal Holdings, Inc. ("PayPal"), Payoneer, Inc. ("Payoneer"),  Stripe, Inc. and/or Stripe Payments Company ("Stripe") AfterPay U.S., Inc. ("Afterpay"), Zhejiang Ant Small and Micro Financial Services Group Co., Ltd. ("Ant Financial Services"), Allpay Ltd. ("Allpay"), Apple Payments Inc. ("Apple Pay"), Adyen N.V., ("Adyen"), Google Payment Corp. ("Google Pay"), Klarna Inc. ("Klarna"), LL Pay United States, LLC dba LianLian Global ("LianLian"), Nuvei Technologies ("Nuvei"), PingPong Global Solutions Inc. ("PingPong"), Razorpay Software Limited ("Razor Pay"), Wise U.S. Inc. ("Wise"),World First Payments ("World First"), Worldpay LLC ("Worldpay") shall, within seven (7) calendar days of receipt of this Order, permanently restrain and enjoin any accounts connected to Defaulting Defendants or the Defendant Internet Stores from transferring or disposing of any funds (up to the statutory damages awarded in Paragraphs 4 above) or other of Defaulting Defendants' assets.

7.      All monies (up to the amount of the statutory damages awarded in Paragraphs 4 above) currently restrained in Defaulting Defendants' financial accounts, including monies held

by Third Party Providers such as PayPal, Payoneer, Stripe, Afterpay, Ant Financial Services, Allpay, Apple Pay, Adyen, Google Pay, Klarna, LianLian, Nuvei, PingPong, Razor Pay, Wise, World First, Worldpay, are hereby released to Roller Rabbit as partial payment of the above-identified damages, and Third Party Providers, including PayPal, Payoneer, Stripe, Afterpay, Ant Financial Services, Allpay, Apple Pay, Adyen, Google Pay, Klarna, LianLian, Nuvei, PingPong, Razor Pay, Wise, World First, Worldpay, are ordered to release to Roller Rabbit the amounts from Defaulting Defendants' financial accounts within fourteen (14) calendar days of receipt of this Order.

8.      Until Roller Rabbit has recovered full payment of monies owed to it by any Defaulting Defendant, Roller Rabbit shall have the ongoing authority to commence supplemental proceedings under Federal Rule of Civil Procedure 69.

9.      In the event that Roller Rabbit identifies any additional online marketplace accounts or financial accounts owned by Defaulting Defendants, Roller Rabbit may send notice of any supplemental proceeding, including a citation to discover assets, to Defaulting Defendants by e-mail addresses provided for Defaulting Defendants by third parties.

10.      The TWENTY FIVE THOUSAND DOLLAR ($25,000) bond posted by Roller Rabbit will remain in place given there are still active defendants in this matter.

This is a Default Judgment.

**SO ORDERED** this 13th day of March 2026. ~~—th day of February 2026.~~

_____
HONORABLE JESSE M. FURMAN
UNITED STATES DISTRICT JUDGE

Because the Court "expressly determines that there is no just reason for delay," Fed. R. Civ. P. 54(b); *see Grand River Enterprises Six Nations, Ltd. v. Pryor*, 425 F.3d 158, 164-65 (2d Cir. 2005), the Clerk of Court is directed to enter judgment against the Defaulting Defendants, terminate them as parties in the case, and terminate ECF No. 80.